IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| AMANDA JOHNSON, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:24-cv-396-CMH-WEF |
| NAVY FEDERAL CREDIT UNION | ) |
| Defendant. | ) |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

Defendant Navy Federal Credit Union ("Navy Federal") hereby submits this Memorandum in support of its Motion to Dismiss Plaintiff's claims pursuant to Rule 12(b)(6). For the reasons set forth below, the Complaint and "Amend Complaint" (both filed as Dkt. 1 and collectively referred to herein as "the Complaint"), must be dismissed as the statute on which the single count alleged in the Complaint (the Equal Credit Opportunity Act) is inapplicable to the facts alleged, and further, Plaintiff, proceeding *pro se*, has not alleged any facts to establish that any actions by Navy Federal were motivated by racial bias.

**BACKGROUND**[1]

*Pro se* Plaintiff is a member[2] of Navy Federal and has been for approximately 14 years. In March 2016, Plaintiff applied for and was subsequently approved for a 180-month Share Saving

---

[1] Because Plaintiff's *pro se* Complaint is difficult to decipher, for context Navy Federal provides some information in this section that is not clearly alleged in the Complaint. Consistent with the standard on a motion arising under Rule 12(b)(6), the Argument section of this brief relies entirely on the allegations as alleged in the Complaint.

[2] As a federally chartered credit union, individuals who use Navy Federal products and services must be credit union members and are therefore referred to as "members" rather than customers.

1

Pledge loan in the amount of $19,405.45 (the "Loan").  The Loan was secured by funds in Plaintiff's Membership Savings account as collateral.

When funds in a Navy Federal account are used as collateral for a loan, the Credit Union places a hold on those funds, which prevents any withdrawal by the member for the amount owed on the loan.  As a loan is paid off, Navy Federal reduces the amount of funds subject to the hold.  Although Navy Federal generally attempts to keep the amount subject to the restrictive-hold at least as much as the balance of the loan, on occasion, the Credit Union allows the loan to become under-collateralized, where the unpaid balance of the loan exceeds the amount of the member's funds that have been restricted.

On March 17, 2022, Plaintiff requested Navy Federal use funds she had in a separate Navy Federal Money Market account to pay off the balance of the Loan, which was at that time $4,064.96.  In compliance with her instructions, Navy Federal made the transfer and marked the Loan as paid in full.  Because the Loan was paid off, the hold on Plaintiff's Membership Savings account was removed.

At the time of the payoff, Plaintiff's loan had become slightly under-collateralized, so the amount subject to the restrictive hold was slightly less than the outstanding Loan balance.  Perhaps because Plaintiff was not aware of this under-collateralization, she assumed that when the hold was released, her Savings Account would have a balance of $4,064.96.  Instead, following the release of the hold, Plaintiff's Savings Account balance was slightly less— $3,651.42.

Plaintiff's *pro se* Complaint is difficult to decipher.  However, as best as can be discerned, she appears to be asserting a single count for violation of the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691, based on alleged racial discrimination.  Because, as explained

2

below, she cannot state a claim under that statute, her Complaint should be dismissed with prejudice.

## STANDARD

To survive a Rule 12(b)(6) Motion to Dismiss, must plead sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While a *pro se* complaint is subject to liberal construction, "the liberal pleading standard [does not] excuse a clear failure in the pleadings to allege a federally cognizable claim." *Nomani v. Qarni*, 2023 WL 4203438, at *2 (E.D. Va. 2023).

## ARGUMENT

Plaintiff's single claim under the ECOA fails for two clear reasons: (i) she is not an "applicant" covered by the statute; and (ii) she has not alleged sufficient facts to suggest she was subject to discrimination based upon her race.

**A.     Plaintiff Is Not an "Applicant" Covered by the ECOA.**

In relevant part, the ECOA states:

> **(a) Activities constituting discrimination**
>
> It shall be unlawful for any creditor to discriminate <u>against any applicant</u>, with respect to any aspect of a credit transaction--
>
> (1) on the basis of race, color, religion, national origin, sex or marital status, or age (provided the applicant has the capacity to contract);

15 U.S.C. § 1691(a) (emphasis added). The statute defines "applicant" as "any person who <u>applies</u> to a creditor directly for an extension, renewal, or continuation of credit, or applies to a creditor indirectly by use of an existing credit plan for an amount exceeding a previously established credit limit." 15 U.S.C. § 1691a(b) (emphasis added).

Thus, the statute only covers alleged discrimination that purportedly arises during an application for credit. The statute is not applicable to circumstances related to the servicing of <u>existing loans</u>. As this Court has held previously in granting a motion to dismiss in a similar case:

> Plaintiff does not allege she applied for an extension, renewal, or continuation of credit during the time frame she alleges discrimination. Nor does Plaintiff allege she indirectly applied for an amount exceeding her established credit limit with [Bank of America]. The Complaint alleges the discrimination occurred during the servicing of her existing line of credit established in 2005. Because the Complaint fails to establish any facts that Plaintiff sought to apply for a new loan, or an extension or renewal of her existing loan during the time when she was allegedly discriminated against, this Court finds Plaintiff is not an "applicant" within the plain meaning of the ECOA. Therefore, Plaintiff is not authorized to sue under the Act.

*Kalisz v. Bank of Am., N.A.*, 2018 WL 4356768, at *2 (E.D. Va. 2018) (Hilton, J.)(citing *Gorham-DiMaggio v. Countrywide Home Loans, Inc.,* 592 F. Supp. 2d 283, 291 (N.D.N.Y. 2008), *aff'd*, 421 F. App'x 97 (2d Cir. 2011)).

Other courts have reached the same conclusion. *See, e.g., Fralish v. Bank of Am., N.A.*, 2021 WL 4453735, at *2 (N.D. Ind. 2021); *Stefanowicz v. SunTrust Mortg.*, 2017 WL 1103183, at *8 (M.D. Pa. 2017), *adopted*, 2017 WL 1079163 (M.D. Pa. 2017), *aff'd on other grounds*, 765 F. App'x 766 (3d Cir. 2019).

The allegations in Plaintiff's Complaint center entirely around Navy Federal's alleged conduct related to an <u>existing loan</u> that Plaintiff paid off and the amount of funds in her Savings Account. Plaintiff has not alleged (and cannot allege) that any of Navy Federal's alleged conduct relates to the application by Plaintiff for a new loan. Consequently, she cannot state a claim under the ECOA, and her Complaint must be dismissed.

B. <u>**Plaintiff Has Not Adequately Alleged Discrimination on the Basis of Race**</u>.

Even if the actions about which Plaintiff has promised her Complaint were somehow covered by the ECOA, her claim would still fail for the independent reason that she has failed to

adequately allege she was subjected to racial discrimination. "To properly state a claim under [the ECOA], a plaintiff must provide facts sufficient to support a claim, as vague and general allegations of discrimination are not adequate." *Ochar v. Neighbors Bank*, 2024 WL 3414346, at *2 (E.D. Va. 2024) (Hilton, J.). Conclusory allegations asserting that a plaintiff was subject to discrimination is insufficient to state a claim under the statute. *See id.*; *see also Sakyi v. Nationstar Mortg., LLC*, 2018 WL 4568604, at *2 (E.D. Va. 2018) (Hilton, J.), *aff'd*, 770 F. App'x 113 (4th Cir. 2019); *Peek v. SunTrust Mortg., Inc.*, 2017 WL 3258729, at *3 (E.D. Va. 2017), *aff'd*, 693 F. App'x 231 (4th Cir. 2017).

Other than a series of conclusory allegations that she was subjected to "racism" (*see* Dkt. 1 at 12), Plaintiff provides absolutely no facts that would suggest, either directly or indirectly, that Navy Federal's conduct was motivated by her race.

Because Plaintiff cannot state a claim under the ECOA without alleging sufficient facts to demonstrate racial animus on the part of Navy Federal, her Complaint should be dismissed for this reason as well.

## CONCLUSION

For the reasons stated above, the Complaint should be dismissed with prejudice.

Dated: September 25, 2024                                    Respectfully submitted,

                                                                                      /s/ Micah E. Ticatch
Edward Lee Isler, Va. Bar No. 27985
Micah E. Ticatch, Va. Bar No. 83351
ISLER DARE, P.C.
1945 Old Gallows Road. Suite 650
Vienna, Virginia 22182
Phone: (703) 748-2690
Facsimile: (703) 748-2695
eisler@islerdare.com
mticatch@islerdare.com
*Counsel for Defendant*
*Navy Federal Credit Union*

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of September 2024 I will electronically file the foregoing with the Clerk of Court using the CM/ECF system and will serve an additional copy of the foregoing by first class mail upon the following:

>Amanda Johnson
>208 Pecan Drive
>Brewton, AL 36126
>Escambia59@gmail.com
>*Pro se Plaintiff*

>        /s/ Micah E. Ticatch
>Micah E. Ticatch, Va. Bar No. 83351
>ISLER DARE, P.C.
>1945 Old Gallows Road, Suite 650
>Vienna, Virginia 22182
>(703) 748-2690
>(703) 748-2695 (fax)
>mticatch@islerdare.com
>
>*Counsel for Defendant*