IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| AMANDA JOHNSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 1:24-cv-396-CMH-WEF |
| NAVY FEDERAL CREDIT UNION | ) ) ) |
| Defendant. | ) ) ) |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S SECOND MOTION TO DISMISS**

Defendant Navy Federal Credit Union ("Navy Federal") hereby submits this Memorandum in support of its Second Motion to Dismiss Plaintiff's claims pursuant to Rule 12(b)(6). For the reasons set forth below, the "Amended Complaint" (Dkt. 19) must be dismissed.

**PROCEDURAL HISTORY**

1. *Pro se* Plaintiff is a member[1] of Navy Federal.

2. On March 12, 2024, Plaintiff filed her original Complaint (Dkt. 1), which alleged a single count for violation of the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691, based on alleged racial discrimination in connection with her repayment of a loan she had with Navy Federal, which occurred in March 2022. (*See* Dkt. 1 at 5, 14 of 17.)

3. On September 25, 2024, Navy Federal timely moved to dismiss the Complaint ("Initial Motion to Dismiss") on two independent bases: (i) that Plaintiff did not allege discrimination in connection with an application; and (ii) that Plaintiff did not allege any factual

---

[1] As a federally chartered credit union, individuals who use Navy Federal products and services must be credit union members and are therefore referred to as "members" rather than customers.

1

allegations that would plausibly suggest she was subject to discrimination based on her race.  (*See* Dkt. 12.)

4.  Despite receiving a *Roseboro* notice (Dkt. 11-2), Plaintiff did not timely file an opposition to the Initial Motion to Dismiss.

5.  Instead, on October 25, 2024, Plaintiff appeared at the hearing on the Initial Motion to Dismiss and presented the Amended Complaint to the Court and Counsel for Navy Federal for the first time.[2]

6.  On October 28, 2024, the Court entered an Order granting Plaintiff leave to file the Amended Complaint and denying the Initial Motion to Dismiss as moot.  (Dkt. 21.)

7.   Despite being labeled and docketed as an Amended Complaint, that document is not structured as a federal pleading.  It does not contain allegations of fact in numbered paragraphs, nor does it clearly lay out the claim or claims asserted against Navy Federal.

8.  Instead, the Amended Complaint contains a significant amount of what appears to be arguments for why the Initial Motion to Dismiss should be rejected.  (*See, e.g.,* Dkt. 19 at 2 of 16 (heading stating "Memorandum Disagree and Not in Support of Defendant's Motion to Dismiss."); *id.* at 8 of 16 (discussing standard under Rule 12(b)(6)); *id.* at 11 of 16 (same).)

9.  Plaintiff appears to acknowledge in the Amended Complaint that she intended to assert a single claim against Navy Federal under the ECOA.  (*See id.* at 9 of 16 (referring to "plaintiff's single claim under the ECOA").)  For the reasons stated below, that claim must be dismissed.

---

[2] Plaintiff represented to the Court that she had attempted to file the Amended Complaint, but had been denied by the Clerk.

10. On November 4, 2024, Plaintiff filed another document labeled, "LIABILLITY OF FINANCIAL INSTITUTION 15 USCA – 1693h." (Dkt. 24.) As best as can be discerned, this filing is an attempt to assert a second claim against Navy Federal under the Electronic Funds Transfer Act (EFTA).

11. As explained below, Plaintiff cannot assert the EFTA claim because she did not receive leave from the Court to file a second amendment. Moreover, even if she had, such a claim would be subject to dismissal both for failure to state any factual allegations in support, and because the claim is almost certainly barred by the statute of limitations.

## ARGUMENT

**A.     Plaintiff's ECOA Claim Must Be Dismissed.**

In relevant part, the ECOA states:

> It shall be unlawful for any creditor to discriminate <u>against any applicant</u>, with respect to any aspect of a credit transaction . . . on the basis of race, color, religion, national origin, sex or marital status, or age (provided the applicant has the capacity to contract)

15 U.S.C. § 1691(a) (emphasis added). The statute defines "applicant" as "any person who <u>applies</u> to a creditor directly for an extension, renewal, or continuation of credit, or applies to a creditor indirectly by use of an existing credit plan for an amount exceeding a previously established credit limit." 15 U.S.C. § 1691a(b) (emphasis added). Thus, the statute only covers alleged discrimination that arises during an application for credit. It is <u>not applicable</u> to circumstances related to the servicing of <u>existing loans</u>. *Kalisz v. Bank of Am., N.A.*, 2018 WL 4356768, at *2 (E.D. Va. 2018) (Hilton, J.)(citing *Gorham-DiMaggio v. Countrywide Home Loans, Inc.,* 592 F. Supp. 2d 283, 291 (N.D.N.Y. 2008), *aff'd*, 421 F. App'x 97 (2d Cir. 2011)); *see also Fralish v. Bank of Am., N.A.*, 2021 WL 4453735, at *2 (N.D. Ind. 2021); *Stefanowicz v. SunTrust Mortg.*,

3

2017 WL 1103183, at *8 (M.D. Pa. 2017), *adopted*, 2017 WL 1079163 (M.D. Pa. 2017), *aff'd on other grounds*, 765 F. App'x 766 (3d Cir. 2019).

In addition, to state a claim, a plaintiff must allege specific facts that *plausibly* suggest that the application for credit was denied because of the plaintiff's protected characteristic. *See, e.g., Ochar v. Neighbors Bank*, 2024 WL 3414346, at *2 (E.D. Va. 2024) (Hilton, J.) *Sakyi v. Nationstar Mortg., LLC*, 2018 WL 4568604, at *2 (E.D. Va. 2018) (Hilton, J.), *aff'd*, 770 F. App'x 113 (4th Cir. 2019); *Peek v. SunTrust Mortg., Inc.*, 2017 WL 3258729, at *3 (E.D. Va. 2017), *aff'd*, 693 F. App'x 231 (4th Cir. 2017). Conclusory allegations that merely assert that a plaintiff was subject to discrimination are insufficient to state a claim under the statute. *See id.*

In the original Complaint, Plaintiff alleged a violation under ECOA based on Navy Federal's conduct in March 2022 while she was repaying an existing loan she had with the Credit Union. (*See* Dkt 1 at 7 of 17.) In the Initial Motion to Dismiss, Navy Federal demonstrated that Plaintiff could not state a claim under ECOA because the statute does not cover conduct related to an existing loan. (Dkt. 12 at 4.) Furthermore, Plaintiff's claim failed for the additional reason that she did not allege any facts that would plausibly suggest that Navy Federal's actions were motivated by her race, other than conclusory statements. (*Id.* at 4-5.)

Plaintiff's Amended Complaint fails to remedy either of these issues. There are no new allegations that would suggest that Navy Federal's conduct in March 2022 had any connection to an application and denial of credit. Furthermore, there is nothing in the Amended Complaint that suggests that any of Navy Federal's conduct was motivated by racial considerations. Consequently, Plaintiff's ECOA claim based on the March 2022 events should be dismissed with prejudice.

4

Plaintiff's Amended Complaint does state that she "was denied by Navy Federal Credit Union on May 2020." However, Plaintiff provides no other facts regarding this alleged application in May 2020 that would sufficiently state a claim. Among other things, Plaintiff does not specify *what loan* or other debt she applied for; provide any facts establishing she was qualified for approval; suggest any facts that would indicate racial motivation in Navy Federal's decision; or offer any facts suggesting she suffered actual damages in connection with the alleged May 2020 denial. Consequently, Plaintiff has not stated a claim under ECOA related to the May 2020 events either.

As such, Plaintiff's ECOA claim should be dismissed with prejudice.

**B.     Plaintiff's EFTA Claim Should Be Stricken or Dismissed.**

In order to amend a pleading under Rule 15, a plaintiff must either receive consent from the defendant or obtain leave from the Court. Navy Federal did not consent to Plaintiff adding the EFTA claim, and the Court did not grant her leave to amend. Consequently, the apparent attempt to add the EFTA claim to the Amended Complaint was improper and should be stricken. *See, e.g., Taylor v. Revature, LLC*, 2023 WL 6445857, at *4 (E.D. Va. 2023) (striking *pro se* plaintiff's amendment that was filed without consent of defendant or leave of court).

Moreover, even if Plaintiff had received leave to file the EFTA claim, the Court should dismiss that claim as well under Rule 12(b)(6). First, Plaintiff has provided only a conclusory allegation that Navy Federal failed to make a correct electronic transfer, without any factual allegations explaining what conduct she is referring to. (*See* Dkt. 24 at 1.) For example, Plaintiff does not state when she requested a transfer, in what way Navy Federal failed to effectuate that transfer, or how she was damaged by those events.

Furthermore, even if the Court interpreted the EFTA claim liberally and determined that Plaintiff intended to assert her claim based on the transfer related to the March 2022 repayment

5

described in the original Complaint, such a claim would clearly be barred by the statute of limitations. An EFTA claim must be brought "within one year from the date of the occurrence of the violation." 15 U.S. Code § 1693m(h); *Jean-Baptiste v. Apple Fed. Credit Union*, 2018 WL 10758939, at *1 (E.D. Va. 2018). Plaintiff filed this claim on November 4, 2024 — well over a year past the expiration of the limitations period. Consequently, even if the Court considered Plaintiff's improperly filed EFTA claim, it must be dismissed.

**C.      Alternatively, Plaintiff's Amended Complaint Should be Dismissed for Failure to Comply with Federal Pleading Rules.**

In order to properly plead a claim under the Federal Rules, a plaintiff is required to provide "a short and plain statement of the claim showing that the pleader is entitled to relief" and must do so "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." A plaintiff, even one who is pro se, "cannot expect the Court or the named defendants to parse through his filings in search of a viable claim." *Carter v. Walker*, 2022 WL 14049845, at *2 (E.D. Va. 2022) (Hilton, J.), *aff'd*, 2023 WL 334671 (4th Cir. 2023).

Plaintiff does not come close to meeting these standards in her Amended Complaint. The pleading is neither a short nor plain statement, nor does it contain numbered paragraphs of factual allegations. Instead, it is largely dedicated to arguing against the now-mooted Initial Motion to Dismiss, including twice referencing the standard under Rule 12(b)(6). (*See, e.g.,* Dkt. 19 at 2, 8, and 11.) Among other things the pleading:

- describes the Initial Motion to Dismiss as "dishevels court papers . . . nothing but wallpaper to decorate a room or their building with wallpaper for a color scheme." (*Id.* at 1.)

- criticizes the court for failing to provide her with court appointed counsel. (*Id.* at 3, 11.)

- attacks Counsel for Navy Federal as "bias and racist," "unscrupulous thieves," and having "no social etiquette behavior with African American." (*Id.* at 2, 12); and

- contains over a page of unanswered questions. (*Id.* at 9-10.)

Nowhere in the Amended Complaint does Plaintiff clearly state the precise legal claims she is asserting against Navy Federal, nor does she clearly lay out the alleged facts on which any such claims would be premised.

This is not permissible under the Federal Rules.  Consequently, the Amended Complaint should be dismissed for this reason as well.

## CONCLUSION

For the reasons stated above, the Amended Complaint should be dismissed with prejudice, and Plaintiff's EFTA claim should be stricken or dismissed with prejudice.

Dated: November 12, 2024          Respectfully submitted,

  /s/ Micah E. Ticatch
Edward Lee Isler, Va. Bar No. 27985
Micah E. Ticatch, Va. Bar No. 83351
ISLER DARE, P.C.
1945 Old Gallows Road. Suite 650
Vienna, Virginia 22182
Phone: (703) 748-2690
Facsimile: (703) 748-2695
eisler@islerdare.com
mticatch@islerdare.com
*Counsel for Defendant*
*Navy Federal Credit Union*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 12th day of November 2024 I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will serve electronic notice upon the following:

>Amanda Johnson
>208 Pecan Drive
>Brewton, AL 36126
>Escambia59@gmail.com
>*Pro se Plaintiff*

>        /s/ Micah E. Ticatch
>Micah E. Ticatch, Va. Bar No. 83351
>ISLER DARE, P.C.
>1945 Old Gallows Road, Suite 650
>Vienna, Virginia 22182
>(703) 748-2690
>(703) 748-2695 (fax)
>mticatch@islerdare.com
>
>*Counsel for Defendant*

8