**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)**

| | |
|---|---|
| AMANDA JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:24-cv-00396-CMH-WEF |
| | ) |
| NAVY FEDERAL CREDIT UNION, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S "TORT" MOTION

1.  On December 27, 2024, Plaintiff filed a document labeled "TORT", which she described in the opening sentence as a motion.[1] (*See* Dkt. 36. (the "Motion").)

2.  However, the Motion does not specify what relief Plaintiff is seeking and Plaintiff filed no proposed order that would clarify this issue. The court cannot grant a motion that does not specify the relief sought. *See* Local Civil Rule 7(A). Consequently, the Motion should be denied on this ground alone.

3.  The Motion makes numerous statements suggesting undersigned Counsel has acted inappropriately. (*See, e.g., id.* at 2 ("Ticatch is an unscrupulous person who used plaintiff summon to benefit him . . .Ticatch has miserably led the plaintiff to a state of distress."); at 4 ("TICATCH MALFEASANCE INTENTIONAL WRONG DOING").)

4.  Plaintiff, however, fails to identify any conduct by Counsel that violates any rule of this Court or rule of professional conduct. Counsel notes that his only interaction with Plaintiff

---

[1] "This <u>motion</u> has to do with two wrongful acts performed by the defendant. Against the plaintiffs who have suffered from unfairness, discrimination, infringement, and malpractice." (Dkt. 36 at 1 (emphasis added).)

has been through the court filings in this matter. The Court can readily ascertain that the filings in this case on behalf of the Defendant are not unusual or improper in any way.

5. To the extent it can be discerned from the filing, Plaintiff seems to be upset that she has not received discovery from Navy Federal. For example, she states:

> Plaintiffs summoned the entire payment records from Navy Federal Credit to acquire hidden knowledge. It has not been shared or provided. Plaintiff personally made the request for evidence but plaintiff got denied for the evidence.

(*Id.* at 3.)

6. But as the Court has now explained to her *twice*, because no Scheduling Order has issued in the matter while Defendant's Motion to Dismiss is pending, the discovery process has not yet begun. (*See* Dkts. 20, 38.) To the extent Plaintiff's Motion is seeking (for the third time) to compel discovery before discovery has opened, that request should be once again denied.[2]

Dated: January 10, 2025

Respectfully submitted,

 /s/ Micah E. Ticatch
Edward Lee Isler, Va. Bar No. 27985
Micah E. Ticatch, Va. Bar No. 83351
ISLER DARE, P.C.
1945 Old Gallows Road. Suite 650
Vienna, Virginia 22182
Phone: (703) 748-2690
Facsimile: (703) 748-2695
eisler@islerdare.com
mticatch@islerdare.com
*Counsel for Defendant*
*Navy Federal Credit Union*

---

[2] While Defendant does not seek sanctions for the instant Motion, it will consider doing so in the future if Plaintiff continues to file repetitive groundless motions filled with over-heated rhetoric.

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of January 2025 I served the foregoing by first class mail upon the following:

        Amanda Johnson
        208 Pecan Drive
        Brewton, AL 36126
        Escambia59@gmail.com
        *Pro se Plaintiff*

          /s/ Micah E. Ticatch
        Micah E. Ticatch, Va. Bar No. 83351
        ISLER DARE, P.C.
        1945 Old Gallows Road, Suite 650
        Vienna, Virginia 22182
        (703) 748-2690
        (703) 748-2695 (fax)
        mticatch@islerdare.com

        *Counsel for Defendant*