FILED

JAN 17 2025

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

## PLAINTIFF MEMORANDUM TO SUPPORT TRAVELER EXPENSES

The Navy Federal voluntary committed this theft of property in the state of Virginia and continued the theft over to Washington D.C.

Providing, this district court personal jurisdiction and during business within their jurisdiction. If counsel require any more explanation consult your with your thieves. Again, counsel your unwell bad faith argument is not going to dominate the issue of travel expenses. Counsel your thieving client live in bad faith and act in bad faith.

Counsel unreasonable denial of travel expenses in details.

Airline tickets $900.00

Hotel expenses for a few hours $221.00 hardship

Travel expenses for oil and gas to and from to airport $380.00

Travel expenses for food $300.00

Travel expenses for emergency room visit in Virginia $300.00

Travel expenses for rental car $250.00

Furthermore, no, counsel your thieving defendant voluntarily "undertook the financial obligation of having plaintiff travel into the district in order to litigate."

The plaintiff can establish a case of insurance bad faith the following can prove.

The existence of a valid secured contract.

Unreasonable denial or delay of Claim.

Failure to conduct a Proper Investigation

Breach of Duty of Good Faith and Fair Dealing

Counsel has demonstrated signs of bad faith as spreading misinformation, avoiding the main issue, or employing fallacious reasoning. victims of bad faith negotiation can sue for damages. An example of insurers acting in bad faith include misrepresentation of contract terms and language and policy provision, exclusions, and terms to avoid paying claims. This is an unjust denial of a valid travel claim, misconduct potentially consequential of emotional distress damages.

AMANDA JOHNSON