IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| AMANDA JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:24-cv-00396 |
| | ) |
| NAVY FEDERAL CREDIT UNION, | ) |
| | ) |
| Defendant. | ) |

## ORDER

THIS MATTER comes before the Court on Defendant Navy Federal Credit Union's Second Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) and Plaintiff Amanda Johnson's Motions for Travel Expenses and Tort.

On March 12, 2024, Plaintiff Amanda Johnson, proceeding *pro se*, filed a complaint against Defendant Navy Federal Credit Union which alleged a single violation under the Equal Credit Opportunity Act ("ECOA"). 15 U.S.C. § 1691. Plaintiff had acquired a loan with Defendant and used one of her bank accounts as collateral. Per their agreement, Defendant froze funds in the collateral account. Plaintiff states that in March 2022 she instructed Defendant to use her collateral account to pay the remaining balance of her loan with Defendant and that Defendant overpaid from her collateral account. Specifically, Plaintiff alleges her collateral account balance should have been

1

$4064.96, not the $3,651.42 left after Defendant paid the remaining loan balance from the collateral account.

On September 25, 2024, Defendant filed a Motion to Dismiss for Failure to State a Claim. As a result, Plaintiff filed a Motion to File an Amended Complaint that was granted on October 25, 2024. In addition, on November 04, 2024, Plaintiff filed "Liability of Financial Institution 15 USCA-1693h"—the Court will treat that document as an additional amended complaint. Plaintiff did not seek leave of the court or consent from Defendant before filing this amended complaint. On November 11, 2024, Defendant filed a Second Motion to Dismiss. Plaintiff did not file a direct response to that motion; instead, she filed a Motion for Travel Expenses and filed a "Tort." Defendant's Second Motion to Dismiss and Plaintiff's motions will be dealt with in turn.

First, Defendant's Second Motion to Dismiss. A motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of a complaint. See Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). A court should dismiss a complaint if the plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim will lack "facial plausibility" unless the plaintiff "plead[s] factual content that allows the court to draw the

2

reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009).

"[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" Erickson v. Pardus, 551 U.S. 89, 94 (2007)(quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). But this does not relieve *pro se* litigants of the requirements under the Federal Rules of Civil Procedure. Fed. R. Civ. P. 8(a)(2) still requires *pro se* plaintiffs to state "a short and plain statement of the claim showing that the pleader is entitled to relief."

Here, Plaintiff has failed to plead sufficient facts to establish she is entitled to relief under the ECOA. The relevant portion of the ECOA states: "It shall be unlawful for any creditor to discriminate against any *applicant*, with respect to any aspect of a credit transaction . . . on the basis of race, color, religion, national origin, sex or marital status, or age." 15 U.S.C. § 1691(a). Applicant is defined as "any person who applies to a creditor directly for an extension, renewal, or continuation of credit, or applies to a creditor indirectly by use of an existing credit plan for an amount exceeding a previously established credit limit." 15 U.S.C. § 1691(a)(b). Put plainly, a plaintiff's allegations must arise from applying

3

for a new line of credit, not servicing an existing line of credit. See <u>Kalisz v. Bank of Am., N.A.</u>, 2018 U.S. Dist. LEXIS 155587 (E.D. Va. 2018). But in this case, Plaintiff's allegations arise from the payment of an *existing* loan. So, Plaintiff does not meet the definition of an applicant under the ECOA; accordingly, Plaintiff's ECOA claim must be dismissed.

In addition to Plaintiff's Amended Complaint, Defendant's Second Motion to Dismiss addresses Plaintiff's filing "Liability of Financial Institution 15 USCA-1693h." There, Plaintiff cites "15 U.S.C.A. 169 3h and 1693h" and drafts a one paragraph statement that reads: "the Navy Federal financial institution's failure to make an electronic fund transfer, in accordance with the terms and conditions of an account, in [] the correct amount or in a timely manner when properly instructed to do so by the consumer."

15 U.S. Code § 1693h creates liability for financial institutions who fail to make transfers in statutorily enumerated circumstances. Claims may be brought "within one year from the date of the occurrence of the violation." 15 U.S. Code § 1693m(h). Even construing Plaintiff's complaint liberally, the transfer of funds occurred in March 2022. Liability of Financial Institution 15 USCA-1693h was not filed until November 4, 2024. Plaintiff's 15 U.S. Code § 1693h claim is after the one-year statutory period; thus, time barred.

4

Second, Plaintiff filed a Motion for Travel Expenses stating the Plaintiff is entitled to $2,500 from Defendant for various expenses arising from travel to the courthouse. Plaintiff chose this forum when she filed the case and Defendant is not responsible for her travel expenses.

Finally, Plaintiff filed a "Tort," which she describes as a motion and will be treated as a motion. However, that filing does not specify what relief Plaintiff is seeking. Local Civil Rule 7(A) requires that motions "state with particularity the grounds therefor and shall set forth the relief or order sought." Because Plaintiff's motion does not state what relief is sought, it is denied. It is hereby

ORDERED that the Defendant's Motion to Dismiss is GRANTED, and Plaintiff's Motions for Travel Expenses and Tort are DENIED. This case is DISMISSED.

/s/ Claude M. Hilton
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
January 27, 2025